UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARK MORCUS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-229-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MEDI-COPY SERVICES, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

On June 2, 2017, the Court directed the defendants to show cause why this matter should not be remanded to state court based on lack of subject matter jurisdiction. [Record No. 6] Because the defendants have sufficiently demonstrated that federal subject matter jurisdiction exists [Record No. 9], the show cause order will be set aside.

Plaintiff Mark Morcus filed this action in Fayette Circuit Court in April 2017, alleging that Defendants Medi-Copy Services, Inc. and Menika Bobo provided inaccurate information to Guardian Life Insurance Company in connection to Morcus's claim for long-term disability benefits. [Record No. 1-1] Morcus contends that on August 31, 2016, Medi-Copy (through its agent, Bobo) faxed records to Guardian which erroneously indicated that Morcus was capable of working on a full-time basis. *Id.* at p. 7. Specifically, Morcus alleges that Bobo reported information to Guardian without consulting his physician and that she signed the physician's name without authorization. Guardian terminated Morcus's long-term disability benefits after receiving the forms from Medi-Copy. Morcus filed an administrative appeal and, in March 2017, Guardian reversed the decision.

- 1 -

Morcus contends that the defendants' actions constitute various violations of Kentucky law, including a breach of the Consumer Protection Act, K.R.S. § 367.110, *et seq.*, fraudulent and negligent misrepresentation, interference with contractual relations, negligence, K.R.S. § 516.040 (forgery in the third degree), and K.R.S. § 311.560 (prohibition against practice of medicine without a license).[1] Morcus alleges that, because of the defendants' actions, he incurred attorney's fees and costs in pursuing the administrative appeal with Guardian. Further, he was without long-term disability payments for approximately seven months and alleges that he has suffered emotional distress and inconvenience as a result. [Record No. 1-1, p. 14]

Cases "arising under" federal law may be removed from state court to federal court. *See* 28 U.S.C. §§ 1441(a), 1331. In determining whether a case arises under federal law, the Court ordinarily looks to face of the plaintiff's complaint. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983) (describing "well-pleaded complaint" rule). An exception occurs, however, when a federal statute wholly displaces the state-law cause of action and creates federal removal jurisdiction. *See Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005).

Congress enacted the Employee Retirement Income Security Act of 1974 ("ERISA") to "protect . . . the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b). The Act contains a civil enforcement mechanism whereby plan

---

[1] K.R.S. § 446.070 codifies negligence per se and provides a private right of action "in a person damaged by another person's violation of any statute that is penal in nature and provides no civil remedy, if the person damaged is within the class of persons the statute intended to be protected." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005). *See also St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 534 (Ky. 2011).

participants or beneficiaries may sue to enforce rights under an ERISA plan. 29 U.S.C. § 1132(a). Section 1332(a) completely preempts "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Hogan v. Jacobson*, 823 F.3d 879, 880 (6th Cir. 2016) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)). However, claims arising from a duty that "is not derived from, or conditioned upon, the terms of an ERISA plan are not completely preempted." *Milby v. MCMC LLC*, 844 F.3d 605, 609 (6th Cir. 2016) (citing *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013) (internal quotation marks omitted).

At least one of the plaintiff's claims fall within the category of state-law claims that are completely pre-empted under ERISA. *See, e.g., Milby*, 844 F.3d at 612 (state-law claim based on unauthorized practice of medicine was completely preempted). In *Davila*, 542 U.S. at 210, the Supreme Court provided that a claim is preempted when the following factors are met:

> (1) the plaintiff complains about the denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and
> (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms.

Courts look "beyond the label placed on a state law claim" to determine whether the first prong is satisfied, and ask whether the claim is in essence for the recovery of an ERISA benefit plan. *Milby v. MCMC LLC*, 844 F.3d 605, 610 (6th Cir. 2016) (quoting *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002) (internal quotation marks omitted)). Although Medi-Copy and Bobo are third-parties who generally fall outside the ERISA enforcement regime, Morcus alleges that their conduct was part of the process used to assess his claim for benefit payment under the plan. *See Milby*, 844 F.3d at 610-11. Accordingly, the damages alleged "arise from the ultimate denial of disability benefits" and Morcus's state

law claims are essentially "an alternative enforcement mechanism to ERISA's civil enforcement provisions." *Id.* at 611 (quoting *Hogan v. Jacobson*, 823 F.3d 872, 880 (6th Cir. 2016)).

The second prong of the *Davila* test asks the Court to determine whether the plaintiff alleges the violation of an independent legal duty. 542 U.S. at 210. A tort is independent of ERISA when the duty conferred was "not derived from, or conditioned upon, the terms of the plan" and "there is no need to interpret the plan to determine whether that duty exists." *Milby*, 844 F.3d at 611 (quoting *Gardner*, 715 F.3d at 614). Any duty the defendants owed Morcus as a claims processor for the plaintiff's health care provider arose because of and within the context of the benefits review required under his ERISA plan. *See, e.g., Hogan*, 823 F.3d at 882. As the Sixth Circuit explained under similar circumstances in *Milby*, third-party administrators do not have an independent duty under the Kentucky medical licensing law. *Milby*, 844 F.3d at 612. Accordingly, Morcus's negligence per se claim implicitly relies on ERISA to establish the requisite duty of care. Because both prongs of the *Davila* test are satisfied, subject matter jurisdiction exists under 28 U.S.C § 1331.[2]

Based on the foregoing analysis, it is hereby

**ORDERED** that the Show Cause Order entered on June 2, 2017, is **SET ASIDE**.

---

[2] The defendants contend, alternatively, that there is subject matter jurisdiction pursuant to 28 U.S.C. § 1332. However, the plaintiff's refusal to stipulate that the amount in controversy is less than $75,000.00, exclusive of interests and costs, does not necessarily justify removal. *See, e.g., Stratton v. Konecranes, Inc.*, No. 5: 10-CV-66, 2010 WL 2178544 at *3 (E.D. Ky. May 28, 2010). While it is conceivable that the jurisdictional threshold is satisfied, the defendants have failed to satisfy the preponderance-of-the-evidence test by producing competent proof of the amount in controversy. *See, e.g., Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010).

This 28th day of June, 2017.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge